**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

RICHARD THOMAS, CHARLES COLLINS
and DERRICK MILHOUS, individually and
on behalf of all others similarly situated,

        Plaintiffs,

vs.

A PLACE FOR MOM, INC.,

        Defendant.

## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant A Place for Mom, Inc. ("APFM") hereby gives notice of removal of this action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (hereinafter the "Circuit Court") to the United States District Court for the Southern District of Florida.

In support of removal, APFM states as follows:

### I.   BACKGROUND

Plaintiffs Richard Thomas, Charles Collins, and Derrick Milhous (collectively, "Plaintiffs") commenced this action, titled *Thomas v. A Place for Mom, Inc.*, Case. No. 502020CA010809, in the Circuit Court on October 6, 2020. APFM was served with copies of the complaint and summons on October 8. *See* Ex. 1 (notice of service of process and all served copies transmitted to APFM by registered agent). Accordingly, this Notice of Removal is filed within thirty (30) days of receipt of the complaint and summons and is thus timely under 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2, true and correct copies of all process, pleadings, and orders served upon APFM in the Circuit Court action are attached hereto.

*See* Ex. 1. A copy of the Circuit Court docket as of November 9, 2020 is also attached. *See* Ex. 2. No other process, pleadings, or orders have been served upon APFM according to its records.

APFM is alleged to be a business that "is routinely contacted by seniors, or third parties on their behalf, in order to provide advice and referrals to an appropriate nursing home, assisted living facility, independent living facility or living arrangements." Compl. ¶ 7. This process is generally facilitated through calls with a "senior living advisor" in the local market, who allegedly provides referrals to one or more facilities or senior living communities "at no-charge to the customer" as APFM is instead "compensated by its in-network providers." *Id*. ¶¶ 8-11.

Plaintiffs are, respectively, (1) a "senior care advisor" employee of APFM, (2) a "customer of [APFM] seeking an appropriate referral to a senior facility or community for his mother," and (3) an employee of an in-network provider for APFM. *Id*. ¶¶ 16, 31, 45. Plaintiffs allege that their phone calls with customers and prospective customers, senior care advisors, and APFM representatives and employees were "surreptitiously recorded" and "subject to real-time eavesdropping" by APFM in violation of Florida Statute Section 934.03. Compl. ¶¶ 21, 22, 35, 36, 48, 49. But Plaintiffs also acknowledge that "[d]uring their first call, prospective customers are told that their discussion is being recorded for quality assurance purposes." *Id*. ¶ 12.

Among other relief, Plaintiffs seek actual and liquidated damages, attorney's fees, costs, and suit money. *Id*. ¶¶ 30, 44, 57. Plaintiffs also seek to represent a proposed class "consisting of all persons meeting the following criteria: customers, prospective customers, vendors, suppliers, employees, in-network care providers and other individuals who, while in the State of Florida, spoke with an employee or representative of [APFM], while being recorded or intercepted without their knowledge or consent during the statute of limitations." *Id*. ¶ 82.

## II.   GROUNDS FOR REMOVAL

**A.   This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also id.* § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

### 1.   This is a putative class action in which the aggregate number of proposed class members is 100 or more.

This action is a putative class action within the meaning of CAFA, which defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs include "Class Representation Allegations" in their complaint, Compl. ¶¶ 58-82, assert that they will "adequately represent the proposed class," *id.* ¶ 78, and state that the "action is eligible for class certification pursuant to Florida Rule of Civil Procedure 1.220(a) and (b)(3)," *id.* ¶ 71. Florida Rule of Civil Procedure 1220, in turn, "is based on Federal Rule of Civil Procedure 23."

*Concerned Class Members v. Sailfish Point, Inc.*, 704 So. 2d 200, 201 (Fla. Dist. Ct. App. 1998). Accordingly, this action is indisputably a putative class action under CAFA.

The number of proposed class members is also 100 or more. As noted above, Plaintiffs seek to represent a class "consisting of all . . . customers, prospective customers, vendors, suppliers, employees, in-network care providers and other individuals who, while in the State of Florida, spoke with an employee or representative of [APFM], while being recorded or intercepted without their knowledge or consent[1] during the [two-year] statute of limitations." Compl. ¶ 82. As stated in the sworn declaration attached to this notice as Exhibit 3, over the two-year period preceding October 6, 2020 (the date the complaint was filed), APFM has spoken by phone with at least 5,000 customers, prospective customers, vendors, suppliers, employees, in-network care providers and other individuals in Florida. *See* Ex. 3 Declaration of Emily Dale ("Dale Decl.") ¶ 2; *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("Defendants may introduce their own affidavits, declarations, or other documentation [to support removal.]"). Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more.

    **2.**    **The amount in controversy exceeds $5,000,000.**

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

---

[1] Plaintiffs also allege that it was APFM's "routine business practice[]" to record calls and subject them to real-time eavesdropping "[w]ithout the knowledge or consent" of the call participants. *Id*. ¶¶ 58, 63, 64; *see also id*. ¶¶ 21, 22, 35, 36, 48, 49; *but see id.* ¶ 12, 14 (alleging that prospective customers are told "[d]uring their first call" that the call "is being recorded for quality assurance purposes").

-4-

Florida Statute Section 934.10(1)(a)-(d) provides for damages of at least $1,000 for each individual aggrieved by a violation, as well as for punitive damages and attorneys' fees and litigation costs. Here, as explained above, Plaintiffs allege violations with respect to all "customers, prospective customers, vendors, suppliers, employees, in-network care providers and other individuals" who spoke by phone with APFM employees or representatives while in the State of Florida. Compl. ¶ 82. There are at least 5,000 such individuals. *See* Dale Decl. ¶ 2. Accordingly, the amount in controversy in this case will exceed the threshold requirement of $5,000,000. *See, e.g.*, *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("[W]hen a defendant seeks federal-court adjudication [under CAFA], the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. . . . [and] all that is required is a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.") (citations, alterations, and quotation marks omitted); *State Farm Mut. Auto. Ins. Co. v. A & J Med. Ctr.*, 20 F. Supp. 3d 1363, 1367 (S.D. Fla. 2014) (a court should not dismiss an action for failure to satisfy the amount in controversy requirement "unless it appears a 'legal certainty' that plaintiff's claim is actually for less than the jurisdictional amount"). The amount in controversy is thus sufficient for removal purposes under CAFA.

### 3. The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In particular, APFM is a citizen of Delaware and New York because it is incorporated under the laws of Delaware and has its principal place of business in New York. *See* Dale Decl. ¶ 3; *see also* U.S.C. §1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Plaintiffs, on the other hand, are presumably Florida citizens. *See* Compl. ¶¶ 2-4 (alleging that each defendant "[a]t all

times material hereto . . . ha[ve] been a resident of the State of Florida, residing within the boundaries of Palm Beach County"). At the very least, none of the Plaintiffs are citizens of either Delaware or New York because, according to the complaint, they do not presently live in those states and have not lived there during the relevant time period. *See Simpson v. Fender*, 445 F. App'x 268, 270 (11th Cir. 2011) ("Citizenship is equivalent to domicile for purposes of diversity jurisdiction [and] [a] person's domicile is the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.") (citation omitted); *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) ("State citizenship, or 'domicile' for purposes of diversity jurisdiction is determined by two factors: residence and intent to remain. . . . "[O]nce an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state") (citations omitted). The parties are thus at least minimally diverse.

**B.    None of CAFA's exceptions bars removal in this case.**

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because the only defendant, APFM, is a citizen of Delaware and New York

and is not a citizen of Florida—the state where the action was filed. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006) (holding that plaintiffs failed to prove that the local controversy exception applied in Alabama action when, although one defendant was an "Alabama corporation," plaintiffs failed to prove that this defendant "was 'significant' with respect to liability"); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that Section 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id*. § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiffs' claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Compl. ¶¶ 16-47 (asserting claims for violations of Florida Statute Section 934.10(1)(a)-(d)).

**C.   Venue is Proper.**

The Southern District of Florida is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Palm Beach County. *See* 28 U.S.C. § 1441(a); Local Rule 7.2.

**D.   APFM has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. APFM was served with a copy of the complaint and summons on October 8, 2020. *See* Ex. 1. APFM filed and served this Notice of Removal within 30 days in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

As required by 28 U.S.C. § 1446(a) and Local Rule 7.2, true and correct copies of all process, pleadings, and orders served upon APFM are being filed herewith as **Exhibit 1**. No other process, pleadings, or orders have been served on APFM according to its records.

Pursuant to 28 U.S.C. § 1446(d), APFM will promptly serve on Plaintiffs and file with the Circuit Court a "Notice to Adverse Party of Removal to Federal Court." APFM will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

### III.     RESERVATION OF RIGHTS AND DEFENSES

In removing this action, APFM does not accept the allegations in the complaint as true, denies that it violated any laws, and expressly reserves all defenses and rights, with respect to Plaintiffs' claims. *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

### IV.     CONCLUSION

APFM respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Palm Beach County, Florida. APFM further requests whatever other relief the Court deems appropriate.

|  |  |
|---|---|
| Dated:  November **9**, 2020 | By */s/ Beth-Ann Krimsky* <br> BETH-ANN E. KRIMSKY <br> Fla. Bar No. 968412 <br> **GREENSPOON MARDER LLP** <br> 200 East Broward Blvd., Suite 1800 <br> Fort Lauderdale, Florida 33301 <br> Tel: (954) 527-2427 <br> Fax: (954) 333-4027 <br> beth-ann.krimsky@gmlaw.com <br><br> James G. Snell (*Pro Hac Vice* application forthcoming) <br> JSnell@perkinscoie.com <br> **PERKINS COIE LLP** <br> 3150 Porter Drive <br> Palo Alto, CA 94304-1212 <br> Telephone: (650) 838-4367 <br> Facsimile: (650) 838-4350 <br><br> Nicola C. Menaldo (*Pro Hac Vice* application forthcoming) <br> NMenaldo@perkinscoie.com <br> Anna Mouw Thompson (*Pro Hac Vice* application forthcoming) <br> AnnaThompson@perkinscoie.com <br> **PERKINS COIE LLP** <br> 1201 Third Avenue, Suite 4900 <br> Seattle, WA  98101-3099 <br> Telephone: (206) 359-8000 <br> Facsimile: (206) 359-9000 <br><br> *Attorneys for A Place for Mom, Inc.* |

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing <u>Notice of Removal of Action</u> has been furnished electronically on November **9th**, 2020, with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

      By: <u>/s/ *Beth-Ann Krimsky*_____</u>
           Beth-Ann E. Krimsky