# EXHIBIT 1



**TMM / ALL**
**Transmittal Number: 22135558**
**Date Processed: 10/09/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | John Butler<br>A Place for Mom, Inc.<br>701 5th Ave<br>Ste 3200<br>Seattle, WA 98104-7055 |
| **Electronic copy provided to:** | Camille Cleveland<br>Sho Ly |

| | |
|---|---|
| **Entity:** | A Place for Mom, Inc.<br>Entity ID Number  2432740 |
| **Entity Served:** | A Place for Mom, Inc. |
| **Title of Action:** | Richard Thomas vs. A Place for Mom, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Palm Beach County Circuit Court, FL |
| **Case/Reference No:** | 502020CA010809XCXXMB Div: AH |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 10/08/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Joseph B. Landy<br>561-655-2028 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Filing # 114481577 E-Filed 10/06/2020 09:54:13 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

RICHARD THOMAS,
CHARLES COLLINS and DERRICK
MILHOUS Individually                                CASE NO.
and on behalf of all others similarly
situated,
      Plaintiffs

v.

A PLACE FOR MOM, INC.
      Defendant
_____/

Eric Larson
CPS #063
2nd Judicial Circuit

### S U M M O N S

THE STATE OF FLORIDA:

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

      YOU ARE HEREBY COMMANDED to serve this summons, a copy of the complaint in
the above-styled cause upon the defendant:

A PLACE FOR MOM, INC.
c/o Registered Agent
CORPORATION SERVICE COMPANY
201 HAYS STREET
TALLAHASSEE, FL 32301

      Each defendant is hereby required to serve written defenses to said complaint on
plaintiffs' attorney, whose name and address is:

Joseph B. Landy, Esquire
c/o Lesser, Lesser, Landy & Smith, PLLC
101 Northpoint Parkway
West Palm Beach, FL 33407
(561) 655-2028
Primary E-mail: jlandy@lesserlawfirm.com
Secondary E-Mail: jfeola@lesserlawfirm.com
Attorneys for Plaintiff

within 20 days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiffs' attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

WITNESS my hand and the seal of said Court on __Oct 06 2020__ , 20____.

SHARON R. BOCK
CLERK OF THE CIRCUIT COURT

BY: _____

As Deputy Clerk

DANIELA MONTALVAN

13908

Filing # 114481577 E-Filed 10/06/2020 09:54:13 AM

· **FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>  COUNTY, FLORIDA

<u>RICHARD THOMAS, CHARLES COLLINS, DERRICK MILHOUS</u>
Plaintiff                                                    Case # _____
                                                             Judge  _____

vs.
<u>A PLACE FOR MOM INC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☒ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
· ☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>3</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Joshua D Ferraro</u>        Fla. Bar # <u>797391</u>
          Attorney or party                  (Bar # if attorney)

<u>Joshua D Ferraro</u>           <u>10/06/2020</u>
(type or print name)         Date

Filing # 114481577 E-Filed 10/06/2020 09:54:13 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

RICHARD THOMAS,
CHARLES COLLINS and DERRICK
MILHOUS Individually                              CASE NO.
and on behalf of all others similarly
situated,
       Plaintiffs

v.

A PLACE FOR MOM, INC.
       Defendant
_____/

### **COMPLAINT**

The Plaintiffs, RICHARD THOMAS, CHARLES COLLINS and DERRICK MILHOUS, by and through their undersigned counsel and on behalf of themselves and all others similarly situated, hereby sue the Defendant, A PLACE FOR MOM, INC., and state as follows:

### **JURIDICTIONAL ALLEGATIONS**

1.     This is a class action pursuant to Florida Rule of Civil Procedure 1.220 in which the amount in controversy exceeds the sum of thirty thousand dollars ($ 30,000.00), exclusive of prejudgment interest, attorney's fees or costs.

2.     At all times material hereto, the Plaintiff, RICHARD THOMAS (hereinafter referred to collectively as the Plaintiff or Plaintiffs and individually as Mr. Thomas or by his full name where appropriate) has been a resident of the State of Florida, residing within the boundaries of Palm Beach County.

3.     At all times material hereto, the Plaintiff, CHARLES COLLINS (hereinafter referred to collectively as the Plaintiff or Plaintiffs and individually as Mr. Collins or by his full name where appropriate) has been a resident of the State of Florida, residing within the boundaries of Palm Beach County.

4.      At all times material hereto, the Plaintiff, DERRICK MILHOUS (hereinafter referred to collectively as the Plaintiff or Plaintiffs and individually as Mr. Mr. Milhous or by his full name where appropriate) has been a resident of the State of Florida, residing within the boundaries of Palm Beach County.

5.      At all times material hereto, the Defendant, A PLACE FOR MOM, INC., has been a foreign for-profit corporation that has been authorized to do business, and has actually conducted business, within the boundaries of Palm Beach County, Florida.

6.      The operative facts giving rise to this Complaint occurred throughout the State of Florida including, with respect to Mr. Thomas, Mr. Collins and Mr. Milhous, within the boundaries of Palm Beach County, Florida.

### GENERAL ALLEGATIONS

The Plaintiffs hereby re-allege and incorporate paragraphs 1-6 above as though they were fully set forth herein, and further state as follows:

7.      The Defendant, A PLACE FOR MOM, INC., is a for-profit business that acts as a referral service with regard to senior care options. Specifically, the Defendant is routinely contacted by seniors, or third parties on their behalf, in order to provide advice and referrals to an appropriate nursing home, assisted living facility, independent living facility or other senior living arrangements.

8.      The referral process is generally initiated when a prospective customer contacts the Defendant's national toll-free number and is automatically connected with a "senior living advisor" in their local market.

9.      This senor living advisor, who is an employee of the Defendant, then attempts to develop a relationship with the prospective customer over one or more telephone calls in order to

perform an assessment of the senior's lifestyle, care needs, budget and preferences for senior living.

10.     At the conclusion of the relationship, the senior care advisor refers the customer to one of the facilities or senior living communities within its network.

11.     The service is provided at no-charge to the customer, but the Defendant is compensated by its in-network providers.

12.     During their first call, prospective customers are told that their discussion is being recorded for quality assurance purposes. However, subsequent discussions between the customer and the assigned senior care advisors carry no such warning or disclosure.

13.     Likewise, the senior care advisors employed by the Defendant, below the level of manager, are not advised that their discussions are being recorded or surreptitiously listened to.

14.     Therefore, with the exception of the first call that a prospective customer makes to A PLACE FOR MOM, INC., neither the customers or the senior care advisors have any knowledge that their discussions are being recorded nor are they informed that the Defendant's managers can eavesdrop upon their conversation in real time through the use of electronic equipment.

15.     Despite the fact that A PLACE FOR MOM, INC., does not disclose the fact that they are recording, and in some cases listening in on, these discussions they routinely and automatically do so as a matter of practice.

### COUNT I – VIOLATION OF FLORIDA STATUTE § 934.03 – RICHARD THOMAS

The Plaintiffs hereby re-allege and incorporate paragraphs 1-15 above as though they were fully set forth herein, and further state as follows:

16.     The Plaintiff, RICHARD THOMAS, was employed by A PLACE FOR MOM, INC., as a senior care advisor located in the Palm Beach County area.

17.     As part of his job, Mr. Thomas routinely received telephone calls through the Defendant's automated, computer system which matched prospective customers with senior care advisors in their area.

18.     Mr. Thomas would obtain as much information as possible in this initial call but in most cases, he followed-up with customers and prospective customers multiple times before a referral was made to a senior living facility or community.

19.     During these calls, Mr. Thomas and the prospective customer would discuss a wide range of issues as he worked to develop a rapport and elicit information that would be useful in making an appropriate referral. These discussions often centered around private and personal information related to the customer and/or the senior that they were calling about.

20.     Throughout his tenure as an employee at A PLACE FOR MOM, Inc., Mr. Thomas was never told, and was completely unaware, that his telephone discussions were being recorded by the Defendant. Likewise, Mr. Thomas was never told, and was completely aware, that higher level employees and agents of A PLACE FOR MOM, INC., were able to eavesdrop on his telephone conversations in real time.

21.     During each telephone call that Mr. Thomas made as an employee, agent and/or representative of A PLACE FOR MOM, INC., his discussions were being surreptitiously recorded by the Defendant.

22.     During each telephone call that Mr. Thomas made as an employee, agent and/or representative of A PLACE FOR MOM, INC., his discussions were subject to real-time eavesdropping by other employees and management through the use of electronic communications equipment used to surreptitiously intercept his calls.

23.     Florida Statute § 934.03 prohibits the interception of any wire, oral or electronics communication within the State of Florida.

24.     Florida Statute § 934.03 prohibits a party from procuring any other person to intercept, or endeavor to intercept, any wire, oral or electronics communications.

25.     Florida Statute § 934.03 prohibits any party from using any electronic, mechanical or other device to intercept any oral communication through the use of a tool that is affixed to, or transmits a signal through a wire, cable or similar connection.

26.      Florida Statute § 934.03 prohibits a party from using any communication that it knows, or has reason to know, was obtained through the interception of any wire, oral or electronic communications.

27.     Florida Statute § 934.10 provides that any party whose wire, oral or electronic communication has been intercepted, disclosed or used in violation of Chapter 934 shall have a civil cause of action against any responsible person or entity.

28.     Florida Statute § 934.10(1)(a-d)  provides that the appropriate relief for the interception, disclosure or use of an intercepted wire, oral or electronic communication may include: (a) injunctive relief; (b) actual damages, but not less than liquidated damages at the rate of $ 100 a day for each violation or $1,000, whichever is higher; (c) punitive damages; and (d) reasonably attorney's fees and litigation costs.

29.     Mr. Thomas's wire, oral and/or electronic communications were routinely intercepted, used and disclosed through improper means in violation of Chapter 934, Florida Statutes.

30.    Mr. Thomas has retained the law firm of LESSER, LESSER, LANDY & SMITH, PLLC to represent him in this matter and has obligated himself to pay a reasonable fee for its services.

WHEREFORE, the Plaintiff, RICHARD THOMAS, hereby demands judgment against the Defendant, A PLACE FOR MOM, INC., in any amount determined by the trier-of-fact for actual and liquidated damages pursuant to Florida Statue § 934.10 as well as an award of attorney's fees, costs, suit money and any and all such further relief as this court deems just, necessary and equitable.

### COUNT II – VIOLATION OF FLORIDA STATUTE § 934.03 – CHARLES COLLINS

The Plaintiffs hereby re-allege and incorporate paragraphs 1-15 above as though they were fully set forth herein, and further state as follows:

31.    The Plaintiff, CHARLES COLLINS, was customer of A PLACE FOR MOM, INC., seeking an appropriate referral to a senior facility or community for his mother.

32.    As part of the referral process, Mr. Collins routinely spoke with his senior care advisor via telephone.

33.    During these calls, Mr. Collins and his senior care advisor would discuss a wide range of issues including private and personal information related to his mother, her medical needs and their financial abilities.

34.    Mr. Collins was never told, and was completely unaware, that his discussions with his senior care advisor were being recorded by the Defendant. Likewise, Mr. Collins was never told, and was completely aware, that higher level employees and agents of A PLACE FOR MOM, INC., were able to eavesdrop on his telephone conversations in real time.

35.     During each telephone call that Mr. Collins had with an employee, agent and/or representative of A PLACE FOR MOM, INC., his discussions were being surreptitiously recorded by the Defendant.

36.     During each telephone call that Mr. Collins had with an employee, agent and/or representative of A PLACE FOR MOM, INC., his discussions were subject to real-time eavesdropping by other employees and management through the use of electronic communications equipment used to surreptitiously intercept his calls.

37.     Florida Statute § 934.03 prohibits the interception of any wire, oral or electronics communication within the State of Florida.

38.     Florida Statute § 934.03 prohibits a party from procuring any other person to intercept, or endeavor to intercept, any wire, oral or electronics communications.

39.     Florida Statute § 934.03 prohibits any party from using any electronic, mechanical or other device to intercept any oral communication through the use of a tool that is affixed to, or transmits a signal through a wire, cable or similar connection.

40.     Florida Statute § 934.03 prohibits a party from using any communication that it knows, or has reason to know, was obtained through the interception of any wire, oral or electronic communications.

41.     Florida Statute § 934.10 provides that any party whose wire, oral or electronic communication has been intercepted, disclosed or used in violation of Chapter 934 shall have a civil cause of action against any responsible person or entity.

42.     Florida Statute § 934.10(1)(a-d)  provides that the appropriate relief for the interception, disclosure or use of an intercepted wire, oral or electronic communication may include: (a) injunctive relief; (b) actual damages, but not less than liquidated damages at the rate

of $ 100 a day for each violation or $1,000, whichever is higher; (c) punitive damages; and (d) reasonably attorney's fees and litigation costs.

43.     Mr. Collins' wire, oral and/or electronic communications were routinely intercepted, used and disclosed through improper means in violation of Chapter 934, Florida Statutes.

44.     Mr. Collins has retained the law firm of LESSER, LESSER, LANDY & SMITH, PLLC to represent him in this matter and has obligated himself to pay a reasonable fee for its services.

WHEREFORE, the Plaintiff, CHARLES COLLINS, hereby demands judgment against the Defendant, A PLACE FOR MOM, INC., in any amount determined by the trier-of-fact for actual and liquidated damages pursuant to Florida Statue § 934.10 as well as an award of attorney's fees, costs, suit money and any and all such further relief as this court deems just, necessary and equitable.

### COUNT III– VIOLATION OF FLORIDA STATUTE § 934.03 – DERRICK MILHOUS

The Plaintiffs hereby re-allege and incorporate paragraphs 1-15 above as though they were fully set forth herein, and further state as follows:

45.     The Plaintiff, DERRICK MILHOUS, was and employee of an in-network provider for A PLACE FOR MOM, INC. As such, he had extensive and ongoing contacts with representatives and employees of A PLACE FOR MOM, INC., via telephone calls.

46.     As part of the referral process, Mr. Milhous routinely spoke with his senior care advisors and other employees and representatives of A PLACE FOR MOM, INC., via telephone.

47.     Mr. Milhous was never told, and was completely unaware, that his discussions with employees and representatives of A PLACE FOR MOM INC., were being recorded by the Defendant. Likewise, Mr. Milhous was never told, and was completely aware, that higher level

employees and representatives of A PLACE FOR MOM, INC., were able to eavesdrop on his telephone conversations in real time.

48.    During each telephone call that Mr. Milhous had with an employee, agent and/or representative of A PLACE FOR MOM, INC., his discussions were being surreptitiously recorded by the Defendant.

49.    During each telephone call that Mr. Milhous had with an employee, agent and/or representative of A PLACE FOR MOM, INC., his discussions were subject to real-time eavesdropping by other employees and management through the use of electronic communications equipment used to surreptitiously intercept his calls.

50.    Florida Statute § 934.03 prohibits the interception of any wire, oral or electronics communication within the State of Florida.

51.    Florida Statute § 934.03 prohibits a party from procuring any other person to intercept, or endeavor to intercept, any wire, oral or electronics communications.

52.    Florida Statute § 934.03 prohibits any party from using any electronic, mechanical or other device to intercept any oral communication through the use of a tool that is affixed to, or transmits a signal through a wire, cable or similar connection.

53.    Florida Statute § 934.03 prohibits a party from using any communication that it knows, or has reason to know, was obtained through the interception of any wire, oral or electronic communications.

54.    Florida Statute § 934.10 provides that any party whose wire, oral or electronic communication has been intercepted, disclosed or used in violation of Chapter 934 shall have a civil cause of action against any responsible person or entity.

55.     Florida Statute § 934.10(1)(a-d)  provides that the appropriate relief for the ·
interception, disclosure or use of an intercepted wire, oral or electronic communication may
include: (a) injunctive relief; (b) actual damages, but not less than liquidated damages at the rate
of $ 100 a day for each violation or $1,000, whichever is higher; (c) punitive damages; and (d)
reasonably attorney's fees and litigation costs.

56.     Mr. Milhous' wire, oral and/or electronic communications were routinely
intercepted, used and disclosed through improper means in violation of Chapter 934, Florida
Statutes.

57.     Mr. Milhous has retained the law firm of LESSER, LESSER, LANDY & SMITH,
PLLC to represent him in this matter and has obligated himself to pay a reasonable fee for its
services.

WHEREFORE, the Plaintiff, DERRICK MILHOUS, hereby demands judgment against
the Defendant, A PLACE FOR MOM, INC., in any amount determined by the trier-of-fact for
actual and liquidated damages pursuant to Florida Statue § 934.10 as well as an award of attorney's
fees, costs, suit money and any and all such further relief as this court deems just, necessary and
equitable.

### CLASS REPRESENTATION ALLEGATIONS

The Plaintiffs hereby re-allege and incorporate paragraphs 1-15 above as though they were
fully set forth herein, and further state as follows:

58.     The Defendant, A PLACE FOR MOM, INC., is in the business of referring
customers to appropriate senior living facilities and/or communities.

59.     As part of its routine business practices, the Defendant solicits calls to its national
toll-free number, and inquiries to its website, and then assigns an employee to work with the
prospective customer as a senor living advisor.

60.     Upon receiving an assignment as a senior living advisor, the Defendant's employees then work to communicate with prospective customers, elicit a significant amount of information including private and personal data, develop a rapport and ultimately make a referral to a facility or community that pays to be in the Defendant's network.

61.     The process of making a referral generally requires multiple telephone conversations between the customer and the senior living advisor.

62.     In addition to calls with customers and prospective customers, representatives and employees of A PLACE FOR MOM, INC. had business discussions with referral sources, vendors in-network community representatives and others.

63.     Without the knowledge or consent of either party to the calls, A PLACE FOR MOM, INC., surreptitiously recorded the conversations in violation of Florida Statutes.

64.     Without the knowledge and consent of either party, their discussions were subject to real-time eavesdropping by other employees and management through the use of electronic communications equipment that was owned and/or operated by A PLACE FOR MOM, INC.

65.     Florida Statute § 934.03 prohibits the interception of any wire, oral or electronics communication within the State of Florida.

66.     Florida Statute § 934.03 prohibits a party from procuring any other person to intercept, or endeavor to intercept, any wire, oral or electronics communications.

67.     Florida Statute § 934.03 prohibits any party from using any electronic, mechanical or other device to intercept any oral communication through the use of a tool that is affixed to, or transmits a signal through a wire, cable or similar connection.

68.     Florida Statute § 934.03 prohibits a party from using any communication that it knows, or has reason to know, was obtained through the interception of any wire, oral or electronic communications.

69.     Florida Statute § 934.10 provides that any party whose wire, oral or electronic communication has been intercepted, disclosed or used in violation of Chapter 934 shall have a civil cause of action against any responsible person or entity.

70.     Florida Statute § 934.10(1)(a-d)  provides that the appropriate relief for the interception, disclosure or use of an intercepted wire, oral or electronic communication may include: (a) injunctive relief; (b) actual damages, but not less than liquidated damages at the rate of $ 100 a day for each violation or $1,000, whichever is higher; (c) punitive damages; and (d) reasonably attorney's fees and litigation costs.

71.     This action is eligible for class certification pursuant to Florida Rule of Civil Procedure 1.220(a) and (b)(3). The questions of law and/or fact that are common to each proposed class member predominate over any individual issues. Specifically, the question of whether A PLACE FOR MOM, INC., improperly and illegally intercepted and/or recorded calls in violation of Chapter 934 Florida Statutes predominates over all other issues in this case.

72.     On the contrary, the primary individual issue will be that of assessing the amount that each proposed class member is owed as a refund. However, because these damages are liquidated this issue can be determined through the use of a common method or formula.

73.     Additionally, class representation is superior to other available methods for the fair and efficient adjudication of this controversy because:

(a) this proposed class will encompass all customers, prospective customers, vendors, suppliers, employees, in-network care providers and other individuals who, while in the State of Florida, spoke with an employee or representative of A PLACE FOR MOM, INC., while being recorded or intercepted without their knowledge or consent. Therefore,

individual lawsuits will place a heavy burden on the court system despite the fact that the time-consuming issues are common to the parties;

(b) the actual and/or liquidated damages of the proposed class members would make individual litigation economically unfeasible and/or would render it difficult for proposed class members to secure legal counsel; and

(c) based upon the subject matter it is unlikely that many class members are aware that they are entitled to relief.

74.     **Numerosity**: The propose class would include customers, prospective customers, vendors, suppliers, employees, in-network care providers and other individuals who, while in the State of Florida, spoke with an employee or representative of A PLACE FOR MOM, INC., while being recorded or intercepted without their knowledge or consent. The exact number of class members is unknown but can be identified through a review of phone records and computer logs.

75.     **Commonality**: The claims of RICHARD THOMAS, CHARLES COLLINS and DERRICK MILHOUS raise questions of law and fact which are common to those of the class. The common questions raised include whether A PLACE FOR MOM, INC., intercepted, recorded, disclosed and/or used their telephone conversations in violation of Chapter 934, Florida Statutes.

76.     **Typicality**: The claims of RICHARD THOMAS, CHARLES COLLINS and DERRICK MILHOUS are typical of the claims of the class in that: (a) the statutory elements of the claims pursued by Plaintiffs are identical to the elements required of the proposed class; (b) the nature of the injury suffered by the Plaintiffs is identical, in form not amount, to the injury suffered by the proposed class; (c) the statutory method of calculating damages for the Plaintiffs is identical to the statutory formula applicable to the proposed class; (d) the relief that would satisfy the Plaintiffs' claims is identical to the appropriate remedy for the proposed class; (d) the defenses that are applicable to the Plaintiffs' clams will be identical to those available against the proposed class.

77.     With the exception of the amount of liquidated damages, the wrong that was suffered by RICHARD THOMAS, CHARLES COLLINS and DERRICK MILHOUS and the remedy for that wrong is identical in all respects.

78.     **Adequacy of Class Representation**:    RICHARD THOMAS, CHARLES COLLINS and DERRICK MILHOUS adequately represent the proposed class because:

a.   The interests of each class representative are aligned with the class as a whole. The Plaintiffs have a singular interest in obtaining damages, including liquidated damages, based upon the Defendant's violations of Florida Statute § 934.03. None of the representative Plaintiffs has any additional interest in this matter that would not equally apply to the class as a whole;

b.   There are no individualized defenses that apply to the class representatives that do not apply to the proposed class as a whole;

c.   None of the class representative has been convicted of a felony or any crimes demonstrating a lack of dishonesty or any other admissible impeachment factor that would have a negative impact on the proposed class as a whole;

d.   Each class representative understands the nature of the claims, the litigation process and a familiarity with the facts that will allow them to assist in the prosecution of this case, as necessary. The class representatives frequently consult with counsel concerning the status of the case and take their duties as class representative very seriously.

e.   The class representatives were the first to file, out of all proposed class members, and each will continue their involvement pending resolution of this matter;

f.   The class representatives have retained the law firm of Lesser, Lesser, Landy & Smith, PLLC to represent them in this matter. The law firm is experienced and well-versed in civil litigation and has the resources to maintain this case throughout the litigation process.

79.     **Predominance of Common Questions**: The predominate questions for the Court and/or the trier-of-fact will be: (a) whether A PLACE FOR MOM, INC., in violation of Florida Statute § 934.03 improperly and /or illegally intercepted, recorded, disclosed and used wire, oral and/or electronic communications in the form of  telephone calls with the Plaintiffs without their knowledge and consent; and, (b) the available remedy.

80. The only material, individual issue will be the amount that each proposed class member would be entitled to in the form of a refund. However, the amount due to each proposed class member is liquidated and would be easily identifiable from multiple sources including the phone records of A PLACE FOR MOM, INC., and computer logs/or records storing the communications.

81. **Superiority of Class Framework**: The use of a class action is superior to all other potential remedies because: (a) there are many class members within the State of Florida and therefore individual claims would effectively swamp the court system; (b) based upon the amount in controversy it is unlikely that most class members would be able to secure counsel on a contingency fee and would therefore be placed in a position of funding an individual lawsuit for a finite sum; (c) class certification would allow this matter to proceed more expeditiously because discovery would be consolidated into one action; (d) class certification would benefit the Defendant by allowing it to defend a single action versus potentially thousands of individual claims.

82. **Definition of Class**: This claim is brought on behalf of a class consisting of all persons meeting the following criteria: customers, prospective customers, vendors, suppliers, employees, in-network care providers and other individuals who, while in the State of Florida, spoke with an employee or representative of A PLACE FOR MOM, INC., while being recorded or intercepted without their knowledge or consent during the statute of limitations. The statute of limitations for violations of § 934.03 is two (2) years from the date that claimant first had a reasonable opportunity to discover the violation.

WHEREFORE, the Plaintiffs, RICHARD THOMAS, CHARLES COLLINS and DERRICK MILHOUS, individually and as representatives of the class request that this Court enter

an Order: (a) certifying that this action is properly maintainable under Florida Rule of Civil

Procedure 1.220; (b) appointing the Plaintiffs, and the undersigned attorneys, to represent the Class

defined herein, (c) requiring reasonable and adequate notice to be given to the prospective class

members following certification; (d) entering Judgment against A PLACE FOR MOM, INC., and

in favor of the Plaintiffs and the class, in an amount determined by the trier-of-fact based upon the

evidence; and (e) granting any and all such further relief as this Court deems just, necessary and

equitable.

## JURY DEMAND

The Plaintiffs, individually, and on behalf of all others similarly situated, hereby demand

a trial by jury for all claims asserted herein.

Dated on this 6th day of October, 2020.

LESSER, LESSER, LANDY & SMITH, PLLC
Attorneys for Plaintiff
101 Northpoint Parkway
West Palm Beach, Fl 33407
Telephone: (561) 655-2028
Facsimile: (561) 655-2033

s/Joseph B. Landy
Joseph B. Landy, Esquire
FL Bar No.: 0003808
E-Mail: jlandy@lesserlawfirm.com
        jfeola@lesserlawfirm.com

s/Joshua D. Ferraro
Joshua D. Ferraro, Esquire
Florida Bar No.: 0797391
E-Mail: jferraro@lesserlawfirm.com
        ijardines@lesserlawfirm.com